# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     CRIMINAL ACTION NO. 2:09-cr-00222

DAVID KEITH BARBEITO,
FLOYD B. MOORE,
DARRELL K. BUMGARNER,
DAVID A. CREMEANS,
RICHARD TIMOTHY WEAVER,
SHAWN BLOSS,
RONALD D. ROWSEY,
STEVE HARLAN STOVER,
DALE WRIGHT,
THOMAS E. GEER,
MICHAEL LLOYD STEVENS,
RICHARD LEE STEVENS,
THOMAS J. MORRIS,
MARTIN CRAIG NUSS,
JEFFREY WAYNE JETT,
ERIC WAYNE LYTTLE,
JAMES EDWARD LYTTLE,
DONALD L. MASSEY, JR.,
ANTHONY WAYNE PETERS,
ROCCO J. BOYD,
CHRISTOPHER T. BRUNNER,
THOMAS WILLIAM CONNOLLY,
SERIGO VELEZ CUEVAS,
WILLIAM J. DESAIVATORE,
DOMINICK CARL DIPIETRO,
STEPHEN G. DUNN JR.,
JOSEPH ROBERT FARERI,
TIMOTHY A. FLOOD,
DAMIAN FOTI,
WILLIAM HANKINS, SR.,
STEPHEN G. HOFFMANN,
CHARLES JAMES LAVERTY,
VINCENT DAVID PEZZANO,
DANIEL J. REILLY,

JOSEPH J. SCHMIDT III,
VINCENT G. TALOTTA,
KIRK NORMAN DEAN,
JOHN N. MAGGIO,
JAMES R. CLAYPOOL II,
JOSEPH FRANK COTTON,
ELMER LUKE MOORE,
ERIC W. WOLFE,
RICHARD HOWARD LESLIE SMITH,
JAMES VERNON HOBACK,
CHARLES H. NICHOLS,
STEPHEN JEFFREY BAILEY,
WILLIAM DANIEL COPEN,
EDWARD DAY PARSONS,
MICHAEL ROY SNEED,
DONNIE RAY WORKMAN,
KIM H. BERRYMAN,
COREY CHARLES HINKLE,
STEVEN LYNN KNIGHT,
BRIAN SCOTT MITCHELL, and,
MICHAEL LEE PHELPS

        Defendants.

## MEMORANDUM OPINION AND PROTECTIVE ORDER

  Before the Court is the motion of the United States for a Protective Order [Docket 299], pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to restrict the access of Defendants herein to certain discovery materials. The Government previously filed a sealed ex parte motion seeking the same restrictions on discovery requested in the pending motion. The Court denied the motion without prejudice and with leave to file the motion with service to Defendants. Several defendants took the opportunity to respond to the motion and have voiced concerns about the scope and operation of the Government's proposed protective order. The briefing is complete, and this matter is ripe for the Court's consideration.

Rule 16(d)(1) provides, in pertinent part: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." This rule vests district courts with broad discretion to "limit," "condition," or "absolutely prohibit" the disclosure of discovery materials in criminal cases if doing so is "in the interests of witness security." *United States v. Roberts*, 793 F.2d 580, 587 (4th Cir. 1986), *vacated on other grounds*, 811 F.2d 257 (4th Cir. 1987). *Cf. Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."). Court-imposed restrictions on discovery may not go so far as to restrict a defendant's right to meaningful communication with his attorney, *United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004), nor may they abrogate the Government's duty to provide exculpatory evidence to a defendant, *United States v. Yousef*, 327 F.3d 56, 168 (2d Cir. 2003). It is appropriate, however, to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants. *See United States v. Fine,* 413 F. Supp. 740 (W.D. Wisc. 1976); *see also United States v Rivera*, 153 F. App'x 758 (2d Cir. 2005) (unpublished disposition).

The risks presented to informants in this case are more than theoretical. There appear to be allegations and evidence in the record already of efforts to harm informants by at least some of the defendants in this case. These risks are somewhat lessened by denying copies of discovery identifying informants to Defendants. Once these materials are in the hands of Defendants, the Court and counsel have no real practical control over their dissemination. While it is true that designating someone as a "snitch" or a "rat" does not generally require probable cause or documentary evidence, the danger is certainly compounded when written discovery materials identifying informants are floating about in the community, and perhaps worse yet, on the internet.

The Court is cognizant that the restrictions on this material will be inconvenient for defense counsel. However, any such inconvenience would not appear to rise to a level that would compromise Defendants' substantive rights. Moreover, such inconvenience is outweighed by the mitigation of the dangers unfettered disclosure would present.

With the above principles in mind, and after due consideration of the arguments presented by the Government and Defendants, the Court **GRANTS** the United States Motion for Protective Order [Docket 299] to the extent set forth below.

The Court **FINDS** and **ORDERS** as follows:

(1)   There is good cause to believe, based upon information provided and believed to be reliable, that the dissemination of discovery, including Jencks Act materials, 18 U.S.C. § 3500, may jeopardize the safety of witnesses herein and impede the due administration of justice.

(2)   There is good cause to believe that the restriction of discovery information, including Jencks Act materials, under the terms set forth in this Protective Order, will ensure the safety of witnesses, preserve the integrity of the discovery process, and serve the ends of justice, while protecting the rights of the defendants herein to disclosure of evidence under Rule 16(a), and to adequately assist counsel in the preparation of a defense.

(3)   Counsel for the United States shall clearly identify and label as "Restricted Access" only those discovery items that contain or reference the identity of confidential government informants. Such documents presumptively include federal investigative

reports, cooperating witness reports, transcripts of testimony given by cooperating witnesses before the grand jury, and telephone and audio recordings made by cooperating witnesses. Restricted Access documents shall be provided to Defendants separately from non-Restricted Access documents.

(4)  Upon receipt of materials identified as Restricted Access, counsel for Defendants may challenge the designation as restricted of particular items, based on good cause shown that Defendants' rights to prepare a defense or to effective representation by counsel are effectively impeded by the Restricted Access status.

(5)  All Restricted Access documents, both grand jury and non-grand jury materials, shall be protected by being subject to the provisions of Rule 6(e) of Federal Rules of Criminal Procedure, *except as provided in the following paragraph*. Restricted Access materials shall not be copied or published to any person whose knowledge of the same is not necessary to the preparation of the defense. Restricted Access documents shall be used only in the preparation of the defense. Upon request, all copies of Restricted Access material shall be returned to the Government or destroyed at the close of the case.

(6)  Defendants shall have access to the Restricted Access documents only in the presence of their counsel. Defendants shall not be permitted to retain possession of Restricted Access materials, or copies thereof, under any circumstances.

(7) The Restricted Access status and attendant restrictions on identified documents apply equally to counsel for Defendants and to Defendants. Counsel for Defendants shall inform their clients of the potential penalties for violations of this Protective Order contained in Rule 16(d)(2) of the Federal Rules of Criminal Procedure, and that any violation of this Protective Order may be punished as contempt.

Any previously set discovery deadlines which have passed, or which occur on or before November 5, 2009, shall be **DEFERRED** until Friday, November 6, 2009. Fed. R. Cr. P. 16(d)(1).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Protective Order to Defendants and counsel, the United States Attorney, and the United States Probation Office.

ENTER: October 30, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE