# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:09-cr-00222

DAVID KEITH BARBEITO et al.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court are motions to sever from the following Defendants: Defendant Barbeito [Docket 896], Defendant Berryman [Docket 919], Defendant Bloss [Docket 1271], Defendant Dean [Docket 870], Defendant Greer [Docket 921], Defendant Knight [Docket 922], Defendant Mitchell [Docket 914], Defendant Nuss [Docket 841], Defendant Phelps [Docket 863], Defendant Rowsey [Docket 964], Defendant Weaver [Docket 1286], and Defendant Wright [Docket 983].[1] These motions are **GRANTED** to the extent they correspond to the plan set forth below and **DENIED** in all other respects.

### I. BACKGROUND

A forty-four-count indictment was returned on September 29, 2009, against fifty-five members or associates of the Pagans Motorcycle Club (PMC). The indictment was the culmination

---

[1] The Government has filed a number of responses opposing severance. However, on March 23, 2010, the Government filed a memorandum suggesting a three trial severance on the basis of the number of defendants in the case.

of a lengthy investigation of the PMC. It alleges that Defendants committed a variety of offenses, including racketeering, violent crimes in aid of racketeering, interstate travel in aid of racketeering, drug distribution, and unlawful firearm possession, between approximately March 2003 and October 2009. A twenty-nine-count superseding indictment was returned on February 2, 2010.[2] The charges in the superseding indictment were substantially the same as the original indictment, containing few substantive changes to the counts. It did not include charges against defendants who had entered guilty pleas to counts in the original indictment, but it did charge an additional defendant.

## II. APPLICABLE LAW

Rule 8(a) of the Federal Rules of Criminal Procedure provides that an "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) further states that "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. . . . All defendants need not be charged in each count." "'[T]ransaction' is a flexible term implying a connection of logical relationship rather than immediateness." *United States v. Carmichael*, 685 F.2d 903, 910 (4th Cir. 1982). Thus, alleged criminal acts that "arise out of a common scheme or plan," such as a single criminal enterprise, generally fall within Rule 8(b)'s "same series of acts or transactions" standard. *United States v. Porter*, 821 F.2d 968, 972 (4th Cir.

---

[2] Except where otherwise indicated, references to the "indictment" or enumerated counts refer to the superseding indictment. Defendants who have pled guilty to counts in the original indictment and are not charged in the superseding indictment will be discussed in conjunction with the corresponding counts of the superseding indictment.

1987). Because the Government made no proffer of evidence at the March 15, 2010, hearing on severance, the Court bases its review on the allegations in the indictment. *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) (citing *United States v. Chramek*, 331 F.2d 380, 382 (4th Cir. 1964)). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993)*; see also United States v. Singh*, 518 F.3d 236, 255 (4th Cir. 2008) (noting that some unfavorable evidence concerning co-defendants did not create prejudice sufficient to require severance of defendants' cases). The Court of Appeals for the Fourth Circuit has observed that "[b]arring special circumstances, individuals indicted together should be tried together." *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981). Nevertheless, if the indictment violates Rule 8, severance is required. *Ingram v. United States*, 272 F.2d 567, 570 (4th Cir. 1959).

Federal Rule of Criminal Procedure 14(a) requires severance when "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Defendants bear "the burden of demonstrating a strong showing of prejudice." *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008). District courts can grant a severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Baker*, 340 F. App'x 145, 147 (4th Cir. 2009) (unpublished); *United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002). The mere fact that severance might result in a better chance of acquittal, or that the evidence against one defendant is stronger or more inflammatory than as to another, is an insufficient basis for ordering separate trials. *See Najjar*, 300 F.3d at 473; *United*

*States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001); *United States v. Reavis*, 48 F.3d 763 (4th Cir. 1995).

> With respect in particular to antagonistic defenses, the Fourth Circuit has observed:
>
> The presence of conflicting or antagonistic defenses alone does not require severance, however. We note that "[t]he mere presence of hostility among defendants . . . or a desire of one to exculpate himself by inculpating another [are] insufficient grounds to require separate trials." The rule requires more than finger pointing. There must be such a stark contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other . . . or "that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty."

*Najjar*, 300 F.3d at 474 (citations omitted); *see also United States v. Smith*, 44 F.3d 1259, 1266-67 (4th Cir. 1995); *United States v. Ricks*, 882 F. 2d 885, 894 (4th Cir. 1989). Even if a defendant demonstrates that a joint trial will give rise to prejudice, a Rule 14 severance is not necessarily required. The Court has discretion to fashion other appropriate relief. *Zafiro*, 506 U.S. at 538-39.

The need for co-defendants' testimony also may warrant a severance under Rule 14. The burden rests with the defendant to demonstrate *"(1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony." United States v. Parodi*, 703 F.2d 768 (4th Cir. 1983); *see also United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992).

The same general severance rules apply in cases under 18 U.S.C. § 1962 (RICO) and § 1959 (VICAR). Other circuit courts of appeal routinely uphold district courts' decisions to deny severance in RICO cases. *E.g., United States v. Hutchinson*, 573 F.3d 1011 (10th Cir. 2009); *United States v. Jones*, 482 F.3d 60 (2d Cir. 2006) (evidence submitted in support of VICAR count did not cause prejudicial spillover to other charges against defendant); *United States v. Boylan*, 898 F.2d

230, 246 (1st Cir. 1990) (upholding denial of severance in prosecution of several police officers indicted in a fifty-eight-count indictment charging them with RICO violations among various other violations; little prejudice was discernible beyond the type and degree "customary in virtually all high-profile trials of multiple defendants and charges."). In addition, it is proper to join a RICO count with counts based on predicate offenses constituting the pattern of racketeering under RICO. *See United States v. DiCaro*, 772 F.2d 1314 (7th Cir. 1985).

### III.  DISCUSSION

A few common threads run through the various motions to sever: that severance is necessary in this case to correct misjoinder, prevent spill-over prejudice, and prevent overall unfair prejudice. Defendants appear to argue that their defenses are antagonistic and that the jury will be unable to give separate consideration to each of their theories. Defendants have offered little in the way of specifics necessary to meet the high standard that governs severance requests. It is not enough to point to hostility between Defendants or their respective desires to exculpate themselves at the expense of those charged along with them. Finger pointing is expected in multi-defendant trials and its appearance is rarely sufficient to merit severance. *Najjar*, 300 F.3d at 474. Defendants have failed to demonstrate the stark conflict necessary for severance.[3]

In addition, the Court must consider the "efficient administration of justice." *Howard v. Moore,* 131 F.3d 399, 416 (4th Cir. 1997). Many witnesses are expected to be called in this case. If severance occurs, these witnesses will suffer great inconvenience. A separate jury pool would be

---

[3] Defendants also have raised arguments under the holding of *Bruton v. United States*, 391 U.S. 123 (1968). However, no party has to date presented any evidence of an actual *Bruton* problem. The bare assertions for these arguments provide little evidence that a *Bruton* problem exists, and as such do not require severance.

necessary for each case, further increasing the costs of severance. Separating Defendants would also give the last-tried Defendant or Defendants the benefit of knowing the manner of the presentation of the Government's case beforehand. This concern is particularly prominent here because the evidence for many of the counts in the indictment will overlap to a great degree. These considerations are best served by severing this case into the fewest number of trials permissible under Rules 8 and 14.

The Court finds Defendants' Rule 14 arguments unpersuasive. Defendants have presented little more than speculation that joint trials will lead to prejudice, which does not satisfy their burden of demonstrating prejudice. This applies to the co-defendant testimony arguments as well.[4] Furthermore, if the risk of prejudice becomes more evident, appropriate remedial measures will be taken. The Court does find, however, that legal and practical concerns necessitate severing the case into three trials.

*A. First Trial: Counts Eighteen and Twenty-Seven*

Count Eighteen charges Defendant Wolfe with a drug conspiracy under 21 U.S.C. § 846, and in Count Twenty-Seven he is alleged to be an unlawful drug user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) and § 924(a)(2). Defendant Wolfe is the only Defendant named

---

[4] Defendant Nuss's argument in favor of a severance from Defendant Barbeito does not satisfy the *Parodi* standard. The gist of the testimony to be obtained by virtue of the severance would be that Barbeito and Nuss had no conversations about the raffling activity or the incident charged in Count Six. The relevance and exculpatory nature of such testimony has not been adequately demonstrated. The argument in favor of severing Count Three likewise is unpersuasive. Three out of the four Count Three Defendants are named only in Count Three. Thus, it is difficult to imagine what might be gained by severing Count Three. These Defendants apparently are willing to testify on their own behalf and for each other as to the purported conspiratorial agreement. Unless this count is severed, the fourth Defendant, Weaver, may not testify as to the agreement. His testimony would be of little exculpatory value, however, as the three other remaining Count Three Defendants apparently intend to present the same general testimony as Weaver regarding the purported agreement.

in Count Twenty-Seven and the only Defendant charged with the drug conspiracy who has not entered a guilty plea. As this case currently exists, under Rule 8, these offenses should not be joined with the racketeering counts as they are only incidentally related to the PMC enterprise. Furthermore, drug offenses are not alleged to be a part of the racketeering case. Defendant Wolfe's motion for severance requests that these two counts be severed from the others with which he is charged, but he does not request separate trials on these counts. (Docket 1551.)

This first trial will commence on **July 13, 2010, at 8:30 a.m.** The parties shall submit proposed voir dire and jury instructions **for the first two trials** no later than **July 2, 2010**, and any respective witness lists no later than **July 9, 2010.** A pretrial conference regarding the first two trials shall be held on **June 28, 2010, at 9:00 a.m.**

The Court **FINDS** that the time between May 4, 2010, and July 13, 2010, is excludable from the computation of time within which trial must commence, pursuant to 18 U.S.C. § 3161(h)(7).

*B. Second Trial: Counts One Through Seventeen*

Counts One through Seventeen all share a close connection to the purpose and function of the PMC enterprise. Counts One and Two are the substantive RICO offense and RICO conspiracy, respectively. The RICO counts identify nine predicate racketeering acts. These acts form the bases for the offenses charged in Counts Three, Four, Five, Seven, Eight, Nine, Eleven, Sixteen, and Seventeen. Not all Defendants named in these latter counts are also named in the RICO counts, but those Defendants' alleged participation in the offenses that formed the RICO pattern demonstrates their involvement in the same series of transactions with the RICO Defendants for the purposes of Rule 8(b).

The joinder of Counts Six, Ten, and Twelve through Fifteen, is appropriate for similar reasons. These counts do not correspond to racketeering acts charged in the RICO counts. Nonetheless, Counts Six, Ten, and Fourteen charge Defendants with VICAR offenses, and Counts Thirteen and Fifteen arise from the same incident as one of the VICAR offenses. VICAR offenses require proof that the accused participated in the crime of violence for the purpose of gaining entry to, or increasing or maintaining his position in, an enterprise engaged in racketeering as defined by RICO. *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994) (discussing 18 U.S.C. § 1959). There is only one enterprise alleged in this case, the PMC and associates. Each VICAR count incorporates by reference the first seventeen paragraphs of Count One, which outline hierarchy, organization, and purpose of the PMC enterprise. The Defendants charged in Counts Six, Ten, and Twelve through Fifteen, either were members of the enterprise or were seeking entry thereto. These Defendants' alleged violent actions were tied to their membership in the PMC enterprise and furthered the PMC's purported purpose of protecting its territory and interests through acts of violence. The acts charged in these counts were therefore part of the same common scheme or plan as the RICO counts, which is sufficient to find that they were part of the same series of acts or transactions under Rule 8(b). *Porter*, 821 F.3d at 972.

Accordingly, Counts One through Seventeen are related inasmuch as they all allegedly furthered the PMC as a continuing criminal enterprise. *See United States v. West*, 90 F. App'x 683, 693 (4th Cir. 2004) )(unpublished). Joinder is therefore proper.

This trial will commence on the next business day after the conclusion of the first trial. However, jury selection for this trial will take place on July 13, 2010, immediately following jury selection for the first trial.

*C. Third Trial: Counts Nineteen, Twenty-One, Twenty-Two, and Twenty-Four*

Count Nineteen charges several Defendants with conspiring to posses a firearm while being employed by a person prohibited from possessing a firearm in violation of 18 U.S.C. § 922(h) and § 371.  This alleged conspiracy lasted from February 2008 through February 2009.  Counts Twenty-One, Twenty-Two, and Twenty-Four charge Defendants with unlawful firearm possession for an incident on June 6, 2008.  This incident is listed as one of the overt acts in furtherance of the Count Nineteen conspiracy.  Accordingly, these counts and Defendants are properly joined.  *United States v. Tipton*, 90 F.3d 861, 883 (4th Cir. 1996) (holding that persons charged in same conspiracy should be tried together).

Although arguably related to the PMC enterprise and its activities, the Court will exercise its discretion to sever these counts from the racketeering charges in the first trial.  Among other things, it will help solve the practical problems associated with trying so many defendants together.

This third trial will commence approximately two weeks after the conclusion of the second trial.  Once the date for commencement of the third trial becomes more clear, the Court will set deadlines for voir dire, jury instructions, and witness lists for the third trial, as well as scheduling a pretrial conference.

## IV.  CONCLUSION

The Court **ORDERS** that this case be severed into three trials as stated above.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendants and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     June 4, 2010

9

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE